```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

JEFFREY W. PEOPLES,              *

    Plaintiff,                  *

vs.                              *
                                 CASE NO. 4:11-cv-190 (CDL)
MUSCOGEE COUNTY SCHOOL           *
DISTRICT,
                               *

    Defendant.
                               *

## O R D E R

Defendant refused to renew Plaintiff's employment contract because it concluded that he falsified student testing, permitted inappropriate conversations in his classroom, and engaged in improper physical discipline of students. Plaintiff claims that the non-renewal of his contract violates the Americans with Disabilities Act of 1990 ("ADA") and the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq*. He also asserts a claim for intentional infliction of emotional distress under Georgia law. Because Plaintiff has presented no evidence that Defendant's legitimate stated reasons for refusing to renew his contract were pretext for unlawful discrimination, Defendant's motion for summary judgment (ECF No. 17) is granted as to that federal claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim which is dismissed without prejudice.

Plaintiff claims that Defendant discriminated against him because of his anxiety and depression in violation of the ADA. Under the ADA, an employer cannot discriminate "against a qualified individual with a disability based on that disability when the discrimination involves the hiring, advancement, termination, or conditions of employment of that qualified individual." *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1327 (11th Cir. 1998). Additionally, "an employer must make reasonable accommodations that allow a disabled individual to perform [his] job, unless that accommodation would cause an undue hardship." *Id.*

The courts apply the *McDonnell Douglas* framework to analyze ADA claims. *E.g., Durley v. APAC, Inc.*, 236 F.3d 651, 657 (11th Cir. 2000). To avoid summary judgment, Plaintiff must first point to sufficient evidence to support a prima facie case of employment discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Wascura v. City of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). If Plaintiff establishes a prima facie case, a presumption of discrimination is created, and Defendant has the burden of articulating a legitimate, non-discriminatory reason for Plaintiff's termination. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). Plaintiff can then avoid summary judgment if he produces sufficient evidence from which a reasonable jury can conclude

that Defendant's articulated non-discriminatory reason is pretext for discrimination. *Id.*

Even if Plaintiff has established a prima facie case here, which is doubtful, it is clear that Defendant has articulated legitimate non-discriminatory reasons for its action, and Plaintiff has failed to produce evidence that those reasons are pretext for unlawful discrimination. Therefore, Plaintiff's federal ADA claim fails as a matter of law.[1]

To establish pretext, Plaintiff must point to "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in [Defendant's] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Grp. Inc.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (internal quotation marks omitted) (per curiam). "If the proffered reason is one that might motivate a reasonable employer," Plaintiff "must meet [that reason] head on and rebut it," rather than simply quarreling with the wisdom of [the employer's] reason. *Id.* at 1350 (internal quotation marks omitted).

---

[1] To the extent that Plaintiff asserts an accommodation claim, that claim is frivolous. Plaintiff sought an extended leave of absence due to his anxiety and Defendant granted him all the leave that he requested. Plaintiff has failed to produce any evidence that any other reasonable accommodation was sought, available, and denied. "[T]he ADA provides no cause of action for failure to investigate possible accommodations." *Willis v. Conopco, Inc.*, 108 F.3d 282, 285 (11th Cir. 1997) (internal quotation marks omitted).

3

It is hard to imagine more compelling reasons for not renewing a teacher's contract than those articulated by Defendant in this case. Moreover, ample evidence exists in the record supporting Defendant's conclusion that Plaintiff did in fact engage in the conduct that resulted in his termination. Although Plaintiff quibbles with the process used by Defendant to investigate the serious allegations against him, he makes no due process claim. And more significantly, he fails to point to evidence from which a reasonable factfinder could conclude that Defendant's stated reasons for firing him were a pretext for unlawful disability discrimination. Plaintiff seeks to have this Court act as a personnel review board and second-guess the wisdom of Defendant's decision, which this Court is not authorized to do. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1030 (11th Cir. 2000) ("[F]ederal courts do not sit as a super-personnel department that reexamines an entity's business decisions. . . . Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior.") (internal quotation marks omitted). Having produced insufficient evidence of pretext to create a genuine factual dispute, Plaintiff cannot prevail on his federal disability discrimination claim as a matter of law.

Defendant's motion for summary judgment (ECF No. 17) is granted as to Plaintiff's ADA claim. The Court declines to

4

exercise jurisdiction over Plaintiff's remaining state law claim for intentional infliction of emotional distress, which is dismissed without prejudice.  *See* 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED, this 10th day of June, 2013.

                                         S/Clay D. Land
                                                 CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE